**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 17-2127-PSG(JPRx)** Date: April 5, 2017

Title: Gary Kooba *-v-* Selene Finance, LP, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER DENYING PLAINTIFF GARY KOOBA'S MOTION FOR RECUSAL, OR, IN THE ALTERNATIVE, DISQUALIFY JUDGE PHILIP S. GUTIERREZ [filed 3/27/17; Docket No. 9]**

On March 27, 2017, Plaintiff Gary Kooba ("Plaintiff") filed a Motion for Recusal, or, in the Alternative, Disqualify Judge Philip S. Gutierrez ("Motion"), and which was referred to this Court on March 28, 2017, pursuant to General Order 16-05 and Local Rule 72-5. Docket No. 11. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. After considering the moving papers, and the arguments therein, the Court rules as follows:

The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. Section 144 permits a party seeking disqualification to file a "timely and sufficient affidavit" setting forth "the facts and reasons" for the party's belief that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must "state facts and the reasons for the belief that bias or prejudice exists." *Id*.; *see also* 28 U.S.C. § 1746 (providing that wherever "any matter is required or permitted to be supported, evidenced, established, or proved by the sworn . . . . affidavit . . . of the person making the same . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration . . . of such person which is subscribed by him as true under penalty of perjury . . . ."). When determining the legal sufficiency of the affidavit, "the factual allegations in the affidavit must be accepted as true," although "general or conclusory allegations will not support disqualification." *United States v. Zagari*, 419 F. Supp. 494, 500-01 (N.D. Cal. 1976); *see also Hayes v. National Football League*, 463 F. Supp. 1174, 1179 (C.D. Cal. 1979) ("Conclusory allegations . . . do not justify disqualification."). The potentially applicable provision of § 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see*

*also United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) ("The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' Ordinarily, the alleged bias must stem from an 'extrajudicial source.'") (*quoting United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) and *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)).

In *Liteky v. United States*, 510 U.S. 540, 555 the Supreme Court clarified the interplay between allegations of impartiality, personal bias, and prejudice under sections 455(a) and 455(b)(1):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

In his Motion, Plaintiff argues that Judge Philip S. Gutierrez should be disqualified because he has "exhibited a long and unprecedented record of extreme bias against mortgage debtors in his court, to such an extent that Plaintiff cannot reasonably be afforded his right to a fair and impartial judicial officer." Notice of Motion, 2:11-14. Specifically, Plaintiff argues that "[f]rom 2008 through current day, Judge Gutierrez has had a total of 57 opportunities to rule on a substantive motion between a mortgage debtor and a foreclosing lender. 56 times out of the 57 opportunities, Judge Gutierrez has ruled in favor of the foreclosing lender, equating to a 98.2% likelihood of success." Motion, 5-9.

Plaintiff offers no facts or analysis to support the grounds for his Motion. For example, Plaintiff does not offer any evidence demonstrating that Judge Gutierrez ruled incorrectly in all or most (or ***any***) of the 56 cases in which the foreclosing lender prevailed, such as evidence that Judge Gutierrez was reversed by the Ninth Circuit in any of those cases or that he generally has an unusually high reversal rate in mortgage foreclosure cases. In addition, Plaintiff has failed to provide any pleadings, any of Judge Gutierrez's Orders, or any of the Reporter's Transcripts in any of those cases, and without such evidence Plaintiff has failed to support his claim that Judge Gutierrez was somehow biased against mortgage debtors. Moreover, Plaintiff offers no evidence that the rulings of the other judges in this District or in the Ninth Circuit for similar cases is different than Judge Gutierrez.

Instead, he simply concludes that because Judge Gutierrez has ruled in favor of the

foreclosing lender 56 out of 57 times that Judge Gutierrez "is a judge who believes that there is no legal basis for a mortgage debtor to have any claims against a lender's foreclosure action" (Motion, 4:7-8) and that "Judge Gutierrez strongly appears to harbor bias in mortgage cases" (Motion, 5:17-18).

However, "[a]ssertions merely of a conclusionary nature are not enough, nor are opinions or rumors." *United States v. Haldeman*, 559 F.2d 31, 34 (D.C. Cir. 1976) (footnotes omitted); *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (holding that "[t]he facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists"); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (holding that "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification").

Furthermore, it is far from clear that the premise of Plaintiff's Motion – that Judge Gutierrez has ruled in favor of the foreclosing lender 98.2% of the time – is even correct. Plaintiff bases his 98.2% "statistic" on the results of a Westlaw search for cases decided by Judge Gutierrez that included the term "foreclosure." However, there is no evidence that all of Judge Gutierrez's mortgage foreclosure cases have been published on Westlaw, which makes Plaintiff's "statistic" unreliable. Thus, Plaintiff has based his conclusion that Judge Gutierrez is biased against mortgage debtors on, at best, incomplete and unreliable information. *See, e.g., United States v. Silba*, 624 F.2d 864, 868 (9th Cir.1980) (holding that the affidavit alleging bias must "specifically allege facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extra judicial source"); *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 353 F. Supp. 2d 1160, 1177 (D. Utah 2005) (holding that "affidavits under § 144 must do more than suggest potential problems; they must set forth facts which establish actual bias"); *Doe v. Cin-Lan, Inc.*, 2010 WL 419988, at *2 (E.D. Mich. Feb. 1, 2010) (holding that although a court is required to accept as true the factual allegations of a movant's affidavit, a judge is not bound to accept the conclusions that the movant draws from the alleged facts).

Therefore, the Court concludes that all of Plaintiff's asserted grounds for disqualification are wholly insufficient and that Plaintiff's Motion fails to set forth sufficient factual allegations to require disqualification pursuant to 28 U.S.C. §§ 144 and 455 or any evidence tending to show personal bias stemming from an extrajudicial source. *Liteky*, 510 U.S. at 555. Nor is there any basis to believe that any other ground for disqualification exists. None of the evidence provided by Plaintiff suggests anything more than a disagreement with Judge Gutierrez's rulings in cases to which Plaintiff is not even a party. Although Plaintiff is concerned that his case will not survive a motion to dismiss, Plaintiff's concern is based on sheer speculation.[1] There is absolutely no evidence to suggest that Judge Gutierrez does not give careful consideration to each case before him and that he makes decisions based on the facts and law applicable to each case.

Accordingly, Plaintiff's Motion is **DENIED**.

---

[1] To the extent Plaintiff receives an adverse ruling that he believes is erroneous, Plaintiff's claim of error may be properly addressed through a motion for reconsideration or an appeal. *See, F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001) (holding that even though "[j]udges are known to make procedural errors and even substantive errors on occasion," any such errors are a basis for appeal, not disqualification).



Initials of Deputy Clerk sr

IT IS SO ORDERED.



Initials of Deputy Clerk sr